**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT SPRINGER, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>CODE REBEL CORPORATION, ARBEN KRYEZIU, and REID DABNEY,<br><br>     Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Robert Springer ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's Complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of U.S. Securities and Exchange Commission ("SEC") filings by Code Rebel Corporation ("Code Rebel" or the "Company"), as well as media and analyst reports about the Company. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

**NATURE OF THE ACTION**

1.     This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased Code Rebel securities between August 17, 2015 and May 5, 2016 (the "Class Period"), inclusive, seeking to recover compensable damages caused by Defendants' violations of federal securities laws and pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

2.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §78j (b) and 78t (a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

3.     This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

4.     Venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b) as a significant portion of Defendants' actions, and the subsequent damages, took place within this district.

5.     In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

**PARTIES**

6.     Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Code Rebel securities at artificially inflated prices during the Class Period and has been damaged thereby.

7.    Defendant Code Rebel is a Delaware Corporation headquartered at 77 Ho'okele Street, Suite 102 Kahului, Hawaii. Its wholly owned subsidiary, ThinOps Resources LLC ("ThinOps"), is based in Houston, Texas. Code Rebel is a software and information technology services ("IT") company. During the Class Period, the Company's stock traded on NASDAQ under the symbol "CDRB."

8.    Defendant Arben Kryeziu ("Kryeziu") has been the Company's Chairman and Chief Executive Officer at all relevant times.

9.    Defendant Reid Dabney ("Dabney") has been the Company's Chief Financial Officer at all relevant times.

10.    Defendants Kryeziu and Dabney are collectively referred to hereinafter as the "Individual Defendants."

11.    Each of the Individual Defendants:

(a)    directly participated in the management of the Company;

(b)    was directly involved in the day-to-day operations of the Company at the highest levels;

(c)    was privy to confidential proprietary information concerning the Company and its business and operations;

(d)    was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e)    was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f)    was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g)     approved or ratified these statements in violation of the federal securities laws.

12.     Code Rebel is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13.     The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Code Rebel under *respondeat superior* and agency principles.

14.     Defendant Code Rebel and the Individual Defendants are collectively referred to hereinafter as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

15.     The Company operates and reports in two business segments. Its software segment provides end-user applications through the Code Rebel product line. Its IT Services segment provides management and consulting services through ThinOps, which was acquired on July 31, 2015.

### Defendant's False and Misleading Statements

16.     On August 14, 2015, the Company filed a Form 10-Q for the quarter ended June 30, 2015 (the "2Q 2015 10-Q") with the SEC, which provided the Company's quarterly financial results. The 2Q 2015 10-Q was signed by Defendants Kryeziu and Dabney. The 2Q 2015 10-Q contained signed certifications pursuant to Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Kryeziu and Dabney, stating that the financial information contained in the 2Q 2015 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

17.     On November 16, 2015, the Company filed a Form 10-Q for the quarter ended September 30, 2015 (the "3Q 2015 10-Q") with the SEC, which provided the Company's quarterly financial results. The 3Q 2015 10-Q was signed by Defendants Kryeziu and Dabney. The 3Q 2015 10-Q contained signed SOX certifications by Defendants Kryeziu and Dabney, stating that the financial information contained in the 3Q 2015 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

18.     On April 14, 2016, the Company filed a Form 10-K for the year ended December 31, 2015 (the "2015 10-K") with the SEC, which provided the Company's quarterly and annual financial results. The 2015 10-K was signed by Defendants Kryeziu and Dabney. The 2015 10-K contained signed SOX certifications by Defendants Kryeziu and Dabney, stating that the financial information contained in the 2015 10-K was accurate and disclosed any material changes to the Company's internal control over financial reporting.

19.     The statements referenced in ¶¶ 16 – 18 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Code Rebel's financial statements contained errors concerning its assets and financial condition; and (2) as a result of the foregoing, Code Rebel's public statements were materially false and misleading and/or lacked a reasonable basis at all relevant times.

## The Truth Emerges

20.     On May 6, 2016, the SEC issued an order suspending the trading of the Company's stock, which stated in part:

5

It appears to the Securities and Exchange Commission that there is a lack of accurate information concerning the securities of Code Rebel Corporation ("CDRB") because of questions regarding the accuracy of statements in CDRB's Forms 10-Q for the quarters ended June 30, 2015 and September 30, 2015, and the Form 10-K for the year ending December 31, 2015, concerning the company's assets and financial condition. CDRB is a Delaware corporation with its principal executive offices in Kahului, Hawaii. Its stock is listed on NASDAQ under the symbol CDRB.

The Commission is of the opinion that the public interest and the protection of investors require a suspension of trading in the securities of the above-listed company.

THEREFORE, IT IS ORDERED, pursuant to Section 12(k) of the Securities Exchange Act of 1934, that trading in the securities of the above-listed company is suspended for the period from 9:30 a.m. EDT on May 6, 2016, through 11:59 p.m. EDT on May 19, 2016.

21.     To date, trading in the Company's stock remains halted, making the Company's stock illiquid and virtually worthless.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

22.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants who acquired Code Rebel securities during the Class Period and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of Code Rebel, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

23.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Code Rebel securities was actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

24.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

25.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

26.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the Exchange Act were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, and prospects of Code Rebel;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

- whether the Defendants caused Code Rebel to issue false and misleading SEC filings during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and SEC filing

- whether the prices of Code Rebel's securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

27.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as

the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

28.    Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Code Rebels shares met the requirements for listing, and were listed and actively traded on the NASDAQ, a highly efficient and automated market;

- As a public issuer, Code Rebel filed periodic public reports with the SEC and the NASDAQ;

- Code Rebel regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

- Code Rebel was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available.

29.    Based on the foregoing, the market for Code Rebel securities promptly digested current information regarding Code Rebel from all publicly available sources and reflected such information in the prices of the shares, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

30.    Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information as detailed above.

## COUNT I

### For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder
### (Against All Defendants)

31.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

32.    This Count is asserted against Code Rebel and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

33.    During the Class Period, Code Rebel and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

34.    Code Rebel and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Code Rebel securities during the Class Period.

35.    Code Rebel and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of Code Rebel were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced

in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of Code Rebel, their control over, and/or receipt and/or modification of Code Rebel's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning Code Rebel, participated in the fraudulent scheme alleged herein.

36.    Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other Code Rebel personnel to members of the investing public, including Plaintiff and the Class.

37.    As a result of the foregoing, the market price of Code Rebel securities was artificially inflated during the Class Period. In ignorance of the falsity of Code Rebel' and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Code Rebel securities during the Class Period in purchasing Code Rebel securities at prices that were artificially inflated as a result of Code Rebel' and the Individual Defendants' false and misleading statements.

38.    Had Plaintiff and the other members of the Class been aware that the market price of Code Rebel securities had been artificially and falsely inflated by Code Rebel and the Individual Defendants' misleading statements and by the material adverse information which

Code Rebel and the Individual Defendants did not disclose, they would not have purchased Code Rebel securities at the artificially inflated prices that they did, or at all.

39.     As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

40.     By reason of the foregoing, Code Rebel and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchase of Code Rebel securities during the Class Period.

## COUNT II

### Violations of Section 20(a) of the Exchange Act
### (Against the Individual Defendants)

41.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42.     During the Class Period, the Individual Defendants participated in the operation and management of Code Rebel, and conducted and participated, directly and indirectly, in the conduct of Code Rebel's business affairs. Because of their senior positions, they knew the adverse non-public information about Code Rebel's misstatement of revenue and profit and false financial statements.

43.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Code Rebel's financial condition and results of operations, and to correct promptly any public statements issued by Code Rebel which had become materially false or misleading.

44.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press

releases and public filings which Code Rebel disseminated in the marketplace during the Class Period concerning Code Rebel's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Code Rebel to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Code Rebel within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Code Rebel securities.

45.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Code Rebel.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.     Awarding Plaintiff and the other members of the Class prejudgment and post judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.     Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: May 10, 2016                    Respectfully submitted,


                                       **THE ROSEN LAW FIRM, P.A.**

                                       By: /s/ Phillip Kim
                                       Phillip Kim, Esq. (PK 9384)
                                       Laurence M. Rosen, Esq. (LR 5733)
                                       275 Madison Avenue, 34th Floor
                                       New York, NY 10016
                                       Phone: (212) 686-1060
                                       Fax: (212) 202-3827

                                       *Counsel for Plaintiff*