UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                                                                   :

ROBERT SPRINGER,                                                      :

                                 Plaintiff,                         :   16-cv-3492 (AJN)

                           - against -                            :

CODE REBEL CORPORATION, et al.,                :

                               Defendants.                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**MEMORANDUM OF LAW IN SUPPORT OF EXTENDING
THE AUTOMATIC STAY TO THE CLAIMS ASSERTED AGAINST THE
INDIVIDUAL DEFENDANTS IN THIS ACTION**

                                                         FEUERSTEIN KULICK LLP
                                                         David Feuerstein
                                                         Justin B. Singer
                                                         205 E. 42nd Street, 20th Floor
                                                         New York, New York 10017
                                                         646.768.0591
                                                         david@dfmklaw.com
                                                         justin@dfmklaw.com

                                                         *Attorneys for Arben Kryeziu n/k/a Arben Kane*

                                                         AXINN, VELTROP & HARKRIDER LLP
                                                         Donald W. Hawthorne
                                                         Felix J. Gilman
                                                         114 West 47th Street
                                                         New York, New York 10036
                                                         212.728.2200
                                                         dhawthorne@axinn.com
                                                         fgilman@axinn.com

                                                         *Attorneys for Reid Dabney*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ……………………………………………………………………..ii

ARGUMENT ……………………………………………………………………………………..1

POINT I THIS COURT SHOULD EXERCISE ITS AUTHORITY TO DETERMINE WHETHER THE ACTION SHOULD BE STAYED AS AGAINST THE INDIVIDUAL DEFENDANTS…………………1

POINT II THE ACTION SHOULD BE STAYED AS AGAINST THE INDIVIDUAL DEFENDANTS TO PREVENT POTENTIAL ADVERSE IMPACT AGAINST THE DEBTOR'S ESTATE…………………………………………………..2

    A. An Adverse Ruling Against the Individual Defendants Would Be Tantamount To An Adverse Ruling Against Code Rebel Due To The Individual Defendants' Right To Indemnification From Code Rebel ……………………………………..3

    B. Code Rebel Would Be Bound By Any Adverse Ruling Against the Individual Defendants in the Action……………………………………………………….4

POINT III THE ACTION SHOULD BE STAYED AS AGAINST THE INDIVIDUAL DEFENDANTS UNTIL THE CONCLUSION OF THE BANKRUPTCY PROCEEDING……………………………………………………………..7

CONCLUSION …………………………………………………………………………………...8

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Chao v. Hosp. Staffing Servs., Inc.*,
　　270 F.3d 374 (6th Cir. 2001)……………………………………………………………..1

*Chord Associates LLC v. Protech 2003-D, LLC*,
　　No. 07-5138 JFB AKT, 2010 WL 1257874 (E.D.N.Y. Mar. 25, 2010)………………….2

*Gramatan Home Investors Corp. v. Lopez*,
　　46 N.Y.2d 481 (1979)……………………………………………………………………….5

*Gucci Am., Inc. v. Duty Free Apparel, Ltd.*,
　　328 F. Supp. 2d 439 (S.D.N.Y. 2004)……………………………………………………3, 4

*In re Am. Film Techs., Inc.*,
　　175 B.R. 847 (Bankr. D. Del. 1994)………………………………………………………7

*In re Apple Computer, Inc.*,
　　127 Fed. App'x 296 (9th Cir. 2005)……………………………………………………….6

*In re Asia Pulp & Paper Sec. Litig.*,
　　293 F. Supp. 2d 391 (S.D.N.Y. 2003)……………………………………………………..6

*In re Baldwin-United Corp. Litig.*,
　　765 F.2d 343 (2d Cir. 1985)………………………………………………………………..1

*In re Calpine Corp.*,
　　365 B.R. 45 (Bankr. S.D.N.Y. 2006)……………………………………………………...6

*In re Jefferson Cty., Ala.*, 491 B.R. 277 (Bankr. N.D. Ala. 2013)………………………………...3

*In re Lion Capital Grp.*,
　　 44 B.R. 690 (Bankr. S.D.N.Y. 1984)……………………………………………………..6

*In re Lomas Fin. Corp.*,
　　117 B.R. 64 (S.D.N.Y. 1990)……………………………………………………………...6

*In re Saint Vincent's Catholic Medical Centers of New York*,
　　449 B.R. 209 (S.D.N.Y. 2011)……………………………………………………………3

*In re SN Liquidation, Inc.*,
　　388 B.R. 579 (Bankr. D. Del. 2008)………………………………………………………6

*In re Tyson Foods, Inc. Sec. Litig.*,
  155 Fed App'x 53 (3d Cir. 2005)……………………………………………………………6

*In re W.R. Grace & Co.*,
  2004 WL 954772 (Bankr. D. Del. April 29, 2004)………………………………………….3

*Kaufman v. Eli Lilly & Co.*,
  65 N.Y.2d 449 (1985)……………………………………………………………………….5

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)…………………………………………………………………………2

*Leykin v. AT&T Corp.*,
  423 F. Supp. 2d 229 (S.D.N.Y. 2006)………………………………………………………6

*Marrese v. Am. Acad. of Orthopaedic Surgeons,*
  470 U.S. 373 (1985)…………………………………………………………………………4

*Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*,
  140 B.R. 969 (E.D. Ill. 1992)………………………………………………………………..2

*Melwani v. Jain,*
  No. 02 Civ. 1224, 2004 WL 1900356 (S.D.N.Y. Aug. 24, 2004)…………………………..5

*Ng v. Adler,*
  518 B.R. 228 (E.D.N.Y. 2014)………………………………………………………………3

*Patterson v. Newspaper and Mail Deliverers' Union of New York and Vicinity*,
  138 B.R. 149 (S.D.N.Y. 1992)……………………………………………………………....2

*Southland Sec. Corp. v. INSpire Ins. Solutions*,
  365 F.3d 353 (5th Cir. 2004)………………………………………………………………..6

*Sure-Snap Corp. v. State Street Bank and Trust Co.*,
  948 F.2d 869 (2d Cir. 1991)…………………………………………………………………5

*United Nat. Ins. Co. v. Equip. Ins. Managers, Inc.*,
  No. CIV. A. 95-CV-0116, 1997 WL 241152 (E.D. Pa. May 6, 1997)……………………..2

Defendants Arben Kryeziu n/k/a Arben Kane ("Kane") and Reid Dabney ("Dabney" and together with Kane, the "Individual Defendants"), pursuant to the Order entered on June 30, 2016 (ECF No. 14) in the above-captioned action (the "Action"), respectfully submit this memorandum of law[1] in support of extending the automatic stay to the claims asserted against them by plaintiff Robert Springer ("Plaintiff").  As the Court instructed, this memorandum also addresses the issues of the Court's authority to extend the stay, the potential for collateral estoppel prejudice to the debtor if the stay is not extended, and lastly the reasons why the stay should last until the debtor's Chapter 7 proceeding as been resolved.[2]

## ARGUMENT

### POINT I

### THIS COURT SHOULD EXERCISE ITS AUTHORITY TO DETERMINE WHETHER THE ACTION SHOULD BE STAYED AS AGAINST THE INDIVIDUAL DEFENDANTS

As a threshold matter, this Court has the authority to determine whether the Action should be stayed as against the Individual Defendants.  It is well-settled that the Delaware bankruptcy court (where Code Rebel's bankruptcy case is pending) and this Court (where the instant litigation is pending) have concurrent jurisdiction to decide this issue.  *See In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985) ("[t]he court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay."); *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 384 (6th Cir. 2001) ("courts

---

[1] Neither of the Individual Defendants has been properly served in this Action.  By submitting this memorandum of law and appearing in this Action in accordance with the Court's order, the Individual Defendants do not waive any defenses they may have with respect to service of process, jurisdiction, venue, or other defenses, all of which hereby expressly reserved.

[2] The Individual Defendants respectfully refer the Court to the Joint Letter filed by the Plaintiff and the Individual Defendants on June 29, 2016 (ECF No. 13) for a brief recitation of relevant background facts.

have uniformly held that when a party seeks to commence or continue proceedings in one court against a debtor or property that is protected by the stay automatically imposed upon the filing of a bankruptcy petition, the non-bankruptcy court properly responds to the filing by determining whether the automatic stay applies to (*i.e.,* stays) the proceedings.").[3]

The only issue, therefore, is whether the Court *should* exercise its authority.  Clearly, this Court has an interest in determining whether or not this Action should continue to proceed before it.  *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  And pursuant to the Order entered on June 30, 2016, the issue of the applicability of the automatic stay to the Individual Defendants will be fully briefed before this Court in less than two weeks.  It would be a waste of judicial resources for the parties to repeat their arguments to the Delaware bankruptcy court and delay a determination of this issue when this Court is fully empowered and positioned to render a decision in relatively short order.  *See Patterson v. Newspaper and Mail Deliverers' Union of New York and Vicinity*, 138 B.R. 149, 151-52 (S.D.N.Y. 1992); *Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 140 B.R. 969, 973 (E.D. Ill. 1992).

## POINT II

### THE ACTION SHOULD BE STAYED AS AGAINST THE INDIVIDUAL DEFENDANTS TO PREVENT POTENTIAL ADVERSE IMPACT AGAINST THE DEBTOR'S ESTATE

The Action should be stayed as against the Individual Defendants in order to avoid the *de facto* allowance of adverse claims against the Debtor's estate.  The automatic stay imposed by §

---

[3] Moreover, even if the Court did not have explicit authority to decide this issue (it plainly does), it retains inherent "discretionary powers to stay proceedings in the interest of justice and in control of their dockets." *Chord Associates LLC v. Protech 2003-D, LLC*, No. 07-5138 JFB AKT, 2010 WL 1257874, at *13 (E.D.N.Y. Mar. 25, 2010) (declining to extend the stay to non-debtors pursuant to § 362(a), but staying proceeding pursuant to the court's inherent discretion, in part because the claims were "undifferentiated as to the debtor versus non-debtor Defendants."); *see also United Nat. Ins. Co. v. Equip. Ins. Managers, Inc.,* No. CIV. A. 95-CV-0116, 1997 WL 241152, at *3 (E.D. Pa. May 6, 1997) (staying claim against non-debtors *inter alia* "to avoid multiple litigation or inconsistent relief" and to protect "[t]he interest of the courts and the public in the complete, consistent and efficient settlement of controversies.").

362(a) of the Bankruptcy Code "is not limited solely to actions against the debtor." *In re Saint Vincent's Catholic Medical Centers of New York*, 449 B.R. 209, 217 (S.D.N.Y. 2011).  Rather, the automatic stay also bars actions "against third-parties that would have an adverse impact on the property of the estate." *Id.*  Courts will therefore extend the automatic stay when claims against non-debtors are "inextricably interwoven" with claims asserted against the debtor. *See Ng v. Adler,* 518 B.R. 228 (E.D.N.Y. 2014) (extending stay to non-debtors where claims were intertwined with claims against Chapter 7 debtor).  As set forth below, Plaintiff's claims against the Individual Defendants and Code Rebel are "inextricably interwoven" as a result of (i) the Individual Defendants' right to indemnification from Code Rebel, and (ii) the identity of interests between the Individual Defendants and Code Rebel in the Action.  Accordingly, the Action should be stayed against the Individual Defendants.

**A.  An Adverse Ruling Against the Individual Defendants Would Be Tantamount To An Adverse Ruling Against Code Rebel Due To The Individual Defendants' Right To Indemnification From Code Rebel**

Courts have often found that "[a] debtor corporation's financial responsibility for claims against its principals creates the identity of interest sufficient to justify extension of the automatic stay." *Gucci Am., Inc. v. Duty Free Apparel, Ltd.,* 328 F. Supp. 2d 439, 442 (S.D.N.Y. 2004); *see also In re W.R. Grace & Co.,* 2004 WL 954772, *2 (Bankr. D. Del. April 29, 2004) ("the automatic stay has generally been extended to the unusual situation where an action against one party is essentially an action against the bankruptcy debtor, as in the case where a third-party is entitled to indemnification by the debtor for any judgment taken against it.").  Indeed, even the "possibility of a right of indemnification is sufficient" to justify an extension of the automatic stay to a non-debtor party. *In re Jefferson Cty., Ala.*, 491 B.R. 277, 289 (Bankr. N.D. Ala. 2013).

Here, the Individual Defendants are entitled to indemnity from Code Rebel pursuant to Section 8.01 of the corporation's by-laws[4], which provides:

> The corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative (other than an action by or in the right of the corporation), by reason of the fact that he or she is or was a director or officer of the corporation (and, in the discretion of the board of directors, may so indemnify a person by reason of the fact that he is or was an employee, or agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust or other enterprise), against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by him in connection with such action, suit or proceeding if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation, and, with respect to any criminal action or proceeding, had no reasonable cause to believe his conduct was unlawful.

Therefore, "the 'special circumstances' required to justify extension of a § 362(a) stay exist [because] a judgment against the indemnified non-debtor will directly affect the debtor's assets." *Gucci Am., Inc.,* 328 F. Supp. 2d at 442.

**B. Code Rebel Would Be Bound By Any Adverse Ruling Against the Individual Defendants in the Action**

The Court should also extend the automatic stay to the Individual Defendants because any finding of liability against either individual defendant would risk collateral estoppel upon Code Rebel itself. When dealing with issues of preclusion, courts look to the laws of the state in which judgment would be or has been rendered. *See, e.g., Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 381 (1985). As such, this Court must look to the laws of New York in

---

[4] A true and correct copy of Code Rebel's by-laws is attached as Exhibit A to the Declaration of Justin B. Singer submitted herewith ("Singer Dec.").

order to determine whether Code Rebel would be collaterally estopped from challenging an adverse ruling against the Individual Defendants in this Action.

The doctrine of collateral estoppel in New York contains two requirements: "First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination." *Kaufman v. Eli Lilly & Co.,* 65 N.Y. 2d 449, 455 (1985).  Importantly, however, "collateral estoppel bars not only parties from a previous action from litigating an issue decided therein, but those in privity with them as well." *Gramatan Home Investors Corp. v. Lopez,* 46 N.Y.2d 481, 486 (1979).  "Privity may be found where a party's interest in litigation is virtually identical to an interest it had in a prior litigation, where it was not actually named, but can be said to have had 'virtual representation.'" *Melwani v. Jain,* No. 02 Civ. 1224, 2004 WL 1900356, at *2 (S.D.N.Y. Aug. 24, 2004); *see also Sure-Snap Corp. v. State Street Bank and Trust Co.*, 948 F.2d 869, 877 (2d Cir. 1991) ("the law is well-settled on applying res judicata to third parties whose interests were represented by those closely aligned to them.").

Here, it is clear from the face of the complaint that Code Rebel's interests are virtually identical to the Individual Defendants' interests in the Action.  Plaintiff's complaint makes no effort to distinguish the conduct of either Individual Defendant from the conduct of the corporation (or indeed to identify any specific misrepresentations or omissions at all).  To the extent the complaint makes any allegations against Kane and Dabney, it is clear that they have simply been sued in their capacity as officers of Code Rebel, and that Plaintiff seeks to hold them liable for statements or omissions made in Code Rebel's regulatory filings.

Moreover, a corporate defendant such as Code Rebel can only be found to have acted with the requisite scienter under Section 10(b) of the Securities Exchange Act (as alleged in Count I of Plaintiff's complaint) if the corporate official who made the alleged false statement acted with scienter. *See, e.g., In re Apple Computer, Inc.*, 127 Fed. App'x 296, 303-305 (9th Cir. 2005); *In re Tyson Foods, Inc. Sec. Litig.*, 155 Fed App'x 53, 56-57 (3d Cir. 2005); *Southland Sec. Corp. v. INSpire Ins. Solutions*, 365 F.3d 353, 366 (5th Cir. 2004). Accordingly, any finding in this Action that the Individual Defendants acted with the requisite scienter to be found liable under Section 10(b) of the Securities Exchange Act will necessarily have preclusive effect on defenses Code Rebel may have against Plaintiff's claims.[5]

In such circumstances, courts often extend the protection of the automatic stay to non-debtor defendants who were officers or directors of the debtor because "a finding of liability against management defendants could have a preclusive effect, as collateral estoppel, against the debtors." *In re SN Liquidation, Inc.,* 388 B.R. 579, 584-85 (Bankr. D. Del. 2008); *see, e.g., In re Lomas Fin. Corp.*, 117 B.R. 64, 67 (S.D.N.Y. 1990) (in case involving allegations against officers of the debtor, the court noted that "it is not possible for the debtor to be a bystander to a suit which may have a $20 million issue preclusion effect against it in favor of a pre-petition creditor") (internal citation and quotations omitted); *In re Calpine Corp.,* 365 B.R. 45, 49 (Bankr. S.D.N.Y. 2006) (extending stay to non-debtor due to "significant risk of collateral estoppel" against debtor); *In re Lion Capital Grp.,* 44 B.R. 690, 703 (Bankr. S.D.N.Y. 1984)

---

[5] Conversely, the Individual Defendants cannot be found liable as "control persons" under Section 20(a) of the Securities Exchange Act (as alleged in Count II of Plaintiff's complaint) unless the Court first finds that Code Rebel (as a "controlled person") committed a "primary violation" under Section 10(b) of the Securities Exchange Act. *In re Asia Pulp & Paper Sec. Litig.*, 293 F. Supp. 2d 391, 395 (S.D.N.Y. 2003); *see also Leykin v. AT&T Corp.*, 423 F. Supp. 2d 229, 249 (S.D.N.Y. 2006) (dismissing Section 20(a) claim for failure to establish primary violation under Section 10(b)). As a result, even if the Court were not inclined to explicitly extend the automatic stay to the Individual Defendants, Plaintiff would still be prevented from litigating Count II of its Complaint by virtue of the automatic stay vis-à-vis Code Rebel. As a practical matter, it would make little sense to permit this Action to go forward on such a piecemeal basis.

("[T]he risk that testimony by employees or agents might be subsequently employed against the debtor … warranted the issuance of a stay."); *In re Am. Film Techs., Inc.*, 175 B.R. 847, 849-50 (Bankr. D. Del. 1994) ("If the directors are found liable for fraudulent misrepresentations, the liability will be as agents of [the debtor]. Such liability exposes the corporation to both vicarious liability under the doctrine of respondeat superior … and the risk of being collaterally estopped from denying liability for its directors' actions.") (citing cases).

## POINT III

### THE ACTION SHOULD BE STAYED AS AGAINST THE INDIVIDUAL DEFENDANTS UNTIL THE CONCLUSION OF THE BANKRUPTCY PROCEEDINGS

In order to avoid unnecessary expense, potentially duplicative and conflicting rulings, and unwarranted burdens on the bankruptcy estate, this Action should be stayed until the Debtor's bankrupty proceeding has concluded. Plaintiff should either commence an adversary proceeding or file a proof of claim in the Debtor's bankruptcy case asserting the same claims set forth in its complaint. Those claims can then be administered in the normal course of the Debtor's bankruptcy case. In the meantime, this Action would remain stayed while Plaintiff's claims are either disallowed and expunged, allowed and liquidated to a sum certain, or otherwise administered in the bankruptcy case, at which point this case could be administratively closed. And if for some reason the Debtor's bankruptcy case closed without Plaintiff's claims being administered, the stay could then be lifted to permit Plaintiff to proceed with his claims against the Individual Defendants in this Action.

**CONCLUSION**

For all of the reasons discussed above, the Court should stay the Action as against the Individual Defendants until the resolution of Code Rebel's bankruptcy proceedings, and award the Individual Defendants such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 8, 2016

                              Respectfully submitted,

                              FEUERSTEIN KULICK LLP

                              By:    _/s/ Justin B. Singer_____
                                       David Feuerstein
                                       Justin B. Singer
                                       205 E. 42nd Street, 20th Floor
                                       New York, New York 10017
                                       646.768.0591
                                       david@dfmklaw.com
                                       justin@dfmklaw.com

                              *Attorneys for Arben Kryeziu n/k/a Arben Kane*


                              AXINN, VELTROP & HARKRIDER LLP

                              By:    _/s/ Felix J. Gilman_____
                                         Donald W. Hawthorne
                                       Felix J. Gilman
                                       114 West 47th Street
                                       New York, New York 10036
                                       212.728.2200
                                       dhawthorne@axinn.com
                                       fgilman@axinn.com

                              *Attorneys for Reid Dabney*