UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robert Springer, *et al.*, | Case No. 16-cv-3492 (AJN) |
| Plaintiffs, | CLASS ACTION |
| -v- | |
| Code Rebel Corporation, *et al.*, | District Judge Alison J. Nathan |
| Defendants. | |

**[Proposed]**
**FINAL ORDER AND JUDGMENT APPROVING CLASS-ACTION SETTLEMENT**

WHEREAS Plaintiffs William Tran and Adrian Ybarra ("Plaintiffs"), on behalf of the Class (as defined below), have applied to the Court pursuant to Fed. R. Civ. P. 23(e) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order granting final approval of the proposed settlement of the above-captioned litigation in accordance with the Stipulation of Settlement (including its exhibits) (the "Settlement Agreement"), which sets forth the terms and conditions for a proposed settlement of the Action against Defendants Reid Dabney, Arben Kryeziu a/k/a Arben Kane, James Canton, David Dwelle, and Voldymyr Bykov (the "Settling Defendants"); and

WHEREAS, on _____, 2017, the Court entered an Order (the "Preliminary Approval Order") preliminarily approving the proposed Settlement, preliminarily certifying the Class for settlement purposes, directing notice to be sent and published to potential Class Members, and scheduling a hearing (the "Fairness Hearing") to consider whether to grant final

1

approval of the proposed Settlement, the proposed Plan of Allocation, and Plaintiffs' Counsel's motion for an award of attorneys' fees and expenses; and

WHEREAS the Court held the Fairness Hearing on _____, 2017 to determine, among other things, (*i*) whether the terms and conditions of the proposed Settlement are fair, reasonable, and adequate and should therefore be approved; (*ii*) whether the Class should be finally certified for settlement purposes; (*iii*) whether notice to the Class was implemented pursuant to the Preliminary Approval Order and constituted due and adequate notice to the Class in accordance with the Federal Rules of Civil Procedure, the PSLRA, the United States Constitution (including the Due Process Clause), the Rules of the Court, and any other applicable law; (*iv*) whether to approve the proposed Plan of Allocation; (*v*) whether to enter final judgment dismissing the Action with prejudice as to the Settling Defendants and against all Settlement Class Members, and releasing all the Released Defendants' Claims and Released Plaintiffs' Claims as provided in the Settlement Agreement; (*vi*) whether to enter the requested permanent injunction and bar orders as provided in the Settlement Agreement; and (*vii*) whether and in what amount to award attorneys' fees and expenses to Plaintiffs' Counsel; and

WHEREAS the Court received submissions and heard argument at the Fairness Hearing from counsel for the Plaintiffs and for the Settling Defendants;

NOW, THEREFORE, based on the written submissions received before the Fairness Hearing, the arguments at the Fairness Hearing, and the other materials of record in this action, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. **<u>Incorporation of Settlement Documents</u>.**  This Order incorporates and makes a part hereof the Settlement Agreement dated as of May 12, 2017, including its defined terms.

Terms not defined in this Order shall have the definitions given to them in the Settlement Agreement.

2. **Jurisdiction.** The Court has jurisdiction over the subject matter of this action, the Plaintiffs, and all other Settlement Class Members (as defined below), and it has jurisdiction to enter this Order and the Final Judgment (the "Judgment").

3. **Appointment of Class Representatives and Class Counsel Solely for Settlement Purposes.** Solely for purposes of the Settlement, the Court hereby appoints (*i*) William Tran and Adrian Ybarra as the class representatives and (*ii*) The Rosen Law Firm, P.A. and Pomerantz LLP as class counsel pursuant to Fed. R. Civ. P. 23(g).

4. **Final Class Certification.** The Court finally certifies the following Class for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3): all persons, entities, or legal beneficiaries or participants in any entities who purchased or otherwise acquired Code Rebel Corporation ("Code Rebel") securities from the date of its initial public stock offering on or about May 19, 2015, to May 12, 2017 (the "Class Period.") Excluded from the Class are:

    a. Such persons or entities who submitted valid and timely requests for exclusion from the Class in accordance with the requirements set forth in the Notice of Settlement, who are listed on Exhibit 1 hereto;

    b. Settling Defendants, their family members, and their legal representatives, heirs, successors or assigns, and any entity in which any Settling Defendant has or had a controlling interest; and

    c. persons who suffered no compensable losses.

5. This certification of the Class is made for the sole purpose of consummating the settlement of this action in accordance with the Settlement Agreement. If the Court's grant of

final approval does not become Final for any reason whatsoever, or if it is modified in any material respect, this class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of the Plaintiffs or anyone else to seek class certification in this or any other matter.

6. For purposes of the settlement of this action, and only for those purposes, and subject to the terms of the Settlement Agreement, the Court finds that the requirements of Fed. R. Civ. P. 23 and any other applicable laws (including the PSLRA) have been satisfied, in that:

  a. the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

  b. there are questions of law and fact common to the Settlement Class;

  c. the claims of the Court-appointed Class Representatives are typical of the claims of the Settlement Class they represent;

  d. Class Representatives have and will continue to fairly and adequately represent the interests of the Settlement Class;

  e. the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and

  f. a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. **Notice.** The Court finds that the distribution of the Notice of Settlement (including the Claim Form), the publication of the Summary Notice, and the notice methodology as set forth in the Preliminary Approval Order all were implemented in accordance with the terms of that Order. The Court further finds that the Notice of Settlement (including the Claim

Form), the Summary Notice, and the notice methodology implemented pursuant to the Preliminary Approval Order (*i*) constituted the best practicable notice to the Settlement Class Member, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Settlement Class Members of the pendency of this action, the nature and terms of the proposed Settlement, the effect of the Settlement Agreement (including the release of claims), their right to object to the proposed Settlement, their right to exclude themselves from the Class, and their right to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice (including any State and/or federal authorities entitled to receive notice under the Class Action Fairness Act), and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court, and any other applicable law.

8. **Final Settlement Approval.**  The Court finds that the proposed Settlement resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Settling Parties and their counsel, and was entered into in good faith. The terms of the Settlement Agreement do not have any material deficiencies and do not improperly grant preferential treatment to any individual Settlement Class Member. Accordingly, the proposed Settlement as set forth in the Settlement Agreement is hereby fully and finally approved as fair, reasonable, and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, and the Rules of the Court, and in the best interests of the Class Members.

9. In making these findings, the Court considered, among other factors, (*i*) the nature of the claims asserted and the strength of the Plaintiffs' claims and the Settling Defendants'

defenses as to liability and damages, (*ii*) the risk, expense, complexity, and likely duration of further litigation, (*iii*) the prospects of the Plaintiffs' obtaining certification of a litigation class and of maintaining such certification through trial, (*iv*) the amount and kinds of benefits to be offered in the proposed Settlement, (*v*) the range of reasonableness of the settlement fund in relation to the best possible recovery and to a possible recovery in light of all of the attendant risks of continued litigation, (*vi*) the allocation of the Settlement proceeds among eligible Settlement Class Members, (*vii*) the stage of the proceedings at which the proposed Settlement was reached, (*viii*) the information available to the Settling Parties and the Court, (*ix*) the experience and views of the Settling Parties' counsel, (*x*) the maturity of the underlying substantive issues, (*xi*) the availability of opt-out rights for potential Settlement Class Members who do not wish to participate in the Settlement, (*xii*) the procedures for processing Settlement Class Members' claims for relief from the Settlement fund, (*xiii*) the potential Settlement Class Members' reactions to the proposed Settlement, including the number of objections and exclusion requests submitted by actual or potential members of the Class, (*xiv*) the submissions and arguments made throughout these proceedings by the Settling Parties, and (*xv*) the submissions and arguments made in connection with the Fairness Hearing.

10. The Settling Parties are directed to implement and consummate the Settlement Agreement in accordance with its terms and provisions. The Court approves the documents submitted to the Court in connection with the implementation of the Settlement Agreement.

11. **Releases.**  The releases as set forth in Sections 14 and 21(b)of the Settlement Agreement are expressly incorporated herein in all respects. As of the Final Settlement Date, and without limiting or modifying the full language of the release provisions in the Settlement Agreement:

    a. Plaintiffs, on behalf of themselves and the Settlement Class, release Settling Defendants, the Trustee, the Code Rebel estate, and their respective past, current or future parents, subsidiaries, affiliates, successors, shareholders, officers, directors, employees, attorneys, heirs, agents, assigns and insurers (the "Releasees") from any and all liability, claims or demands in connection with the Securities Claims, the Amended Claims, as well as any and all liability, claims or demands, whether known or unknown, that were or could have been asserted, arising from or relating to any activities of Code Rebel, or in connection with Settling Defendants' activities as directors and/or officers of Code Rebel, including without limitation any liability, claims or demands, whether known or unknown, that were or could have been asserted, arising from or relating to public disclosures or omissions made by Code Rebel or by Settling Defendants, or arising from or relating to the SEC's order dated May 6, 2016, suspending trading in Code Rebel's stock (the "Released Plaintiffs' Claims").  The Released Plaintiffs' Claims against each and all of the Releasees shall be released and dismissed with prejudice, without costs to any party, except as provided in the Settlement Agreement. Nothing in this Order or in the Judgment shall release the Claims of any persons or entities who have submitted timely, valid requests for exclusion.   Plaintiffs do not release their claims against Burnham Securities Inc., Burnham Financial Group Inc., and Lichter, Yu and Associates, Inc. and their respective past, current or future parents, subsidiaries, affiliates, successors, shareholders, officers, directors, employees, attorneys, heirs, agents, assigns and insurers pending in the California Actions.

    b. Settling Defendants release Plaintiffs and Plaintiffs' counsel for any claims or counterclaims that could have been brought against them with respect to their

prosecution of their claims, including pursuant to Rule 11 of the Federal Rules of Civil Procedure, and any other sanctions or cost shifting.

        c.        All Claims by Plaintiffs' Counsel against Settling Defendants' Counsel and any or all of the Releasees that relate in any way to any and all acts directly or indirectly relating to the prosecution, defense, or settlement of this action or to the Settlement Agreement are released.

        d.        Notwithstanding the foregoing, nothing in this Final Approval Order shall preclude any action to enforce the terms of the Settlement Agreement.

12.        **Section 1542 Waiver.**  Settling Defendants, Plaintiffs' Counsel, and Plaintiffs, on behalf of themselves and the Settlement Class, waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or of any other country, or any principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

13.        **Permanent Injunction.**  The Court permanently bars and enjoins (*i*) all Settlement Class Members and their heirs, executors, administrators, trustees, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) ("Affiliates"), representatives, and assigns – and anyone else (including any governmental entity) purporting to act on behalf of, for the benefit of, or derivatively for any of them – from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any Released Plaintiffs' Claim against any of the Releasee.

14. **Contribution Bar Order.** To the extent authorized by § 11 of the Securities Act of 1933, and in accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all Claims for contribution arising out of any Released Plaintiffs' Claim (*i*) by any person or entity against any of the Releasees and (*ii*) by any of the Releasees against any person or entity other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii) are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, (*i*) any person or entity is hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Releasees any such Claim for contribution, and (*ii*) the Releasees are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity any such Claim for contribution. In accordance with 15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that might be obtained by or on behalf of the Class or a Settlement Class Member against any person or entity for loss for which such person or entity and any Releasees are found to be jointly liable shall be reduced by the greater of (*i*) an amount that corresponds to Settling Defendants' percentage of responsibility for the loss to the Class or Settlement Class Member or (*ii*) either (a) the Settlement Amount, in the case of the Class, or (b) that portion of the Settlement Amount applicable to the Class Member, in the case of a Class Member, unless the court entering such judgment orders otherwise.

15. **Complete Bar Order.** To effectuate the Settlement, the Court hereby enters the following Complete Bar:

    a. Upon payment of the Class Settlement Fund to the Authorized Claimants, any and all persons and entities are permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against any Releasee arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or

contribution or otherwise denominated, including Claims for breach of contract or for misrepresentation, where the Claim is or arises from a Released Plaintiffs' Claim and the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Settlement Class Member, including any Claim in which a person or entity seeks to recover from any of the Releasees (*i*) any amounts such person or entity has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member. All such Claims are hereby extinguished, discharged, satisfied, and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of this Complete Bar Order are intended to preclude any liability of any of the Releasees to any person or entity for indemnification, contribution, or otherwise on any Claim that is or arises from a Released Plaintiffs' Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to the Class or any Class Member; *provided, however,* that if the Class or any Class Member obtains any judgment against any such person or entity based upon, arising out of, or relating to any Released Plaintiffs' Claim for which such person or entity and any of the Releasees are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (*i*) an amount that corresponds to such Releasee's or Releasees' percentage of responsibility for the loss to the Class or Class Member or (*ii*) either (a) the Settlement Amount, in the case of the Class, or (b) that portion of the Settlement Amount applicable to the Class Member, in the case of a Class Member, unless the court entering such judgment orders otherwise.

    b.  Upon payment of the Class Settlement Fund to the Authorized Claimants, each and every Releasee is permanently barred, enjoined, and restrained from commencing,

prosecuting, or asserting any Claim against any other person or entity (including any other Releasee) arising under any federal, state, or foreign statutory or common law rule, however styled, whether for indemnification or contribution or otherwise denominated, including Claims for breach of contract and for misrepresentation, where the Claim is or arises from a Released Plaintiffs' Claim and the alleged injury to such Releasee arises from that Releasee's alleged liability to the Class or any Class Member, including any Claim in which any Releasee seeks to recover from any person or entity (including another Releasee) (*i*) any amounts any such Releasee has or might become liable to pay to the Class or any Class Member and/or (*ii*) any costs, expenses, or attorneys' fees from defending any Claim by the Class or any Class Member. All such Claims are hereby extinguished, discharged, satisfied and unenforceable.

        c.        Notwithstanding anything stated in this Complete Bar Order, if any person or entity (for purposes of this Complete Bar Order, a "petitioner") commences against any of the Releasees any action either (*i*) asserting a Claim that is or arises from a Released Plaintiffs' Claim and where the alleged injury to such petitioner arises from that petitioner's alleged liability to the Class or any Class Member or (*ii*) seeking contribution or indemnity for any liability or expenses incurred in connection with any such Claim, and if such action or Claim is not barred by a court pursuant to this Complete Bar Order or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar Claims by that Releasee against (*a*) such petitioner, (*b*) any person or entity who is or was controlled by, controlling, or under common control with the petitioner, whose assets or estate are or were controlled, represented, or administered by the petitioner, or as to whose Claims the petitioner has succeeded, and (*c*) any person or entity that participated with any of the preceding persons or entities described in items (*a*) and (*b*) of this subparagraph in connection with the

11

assertion of the Claim brought against the Releasee(s); *provided, however,* that nothing in this Complete Bar Order or the Settlement Agreement shall prevent the Settling Parties from taking such steps as are necessary to enforce the terms of the Settlement Agreement.

      d.      If any term of the Complete Bar Order entered by the Court is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any Claim that is based upon, arises out of, or relates to any Released Plaintiffs' Claim.

      e.      Notwithstanding the Complete Bar Order or anything else in the Settlement Agreement, nothing shall release, interfere with, limit, or bar the assertion by any Releasee of any Claim for insurance coverage under any insurance, reinsurance, or indemnity policy that provides coverage respecting the conduct at issue in the Action.

16.      **No Admissions.**  This Final Approval Order, the Settlement Agreement, the offer of the Settlement Agreement, and compliance with the Judgment or the Settlement Agreement shall not constitute or be construed as an admission by any of the Releasees of any wrongdoing or liability. This Order, the Judgment, and the Settlement Agreement are to be construed solely as a reflection of the Settling Parties' desire to facilitate a resolution of the Claims in the Complaint and of the Released Plaintiffs' Claims. In no event shall this Final Approval Order, the Settlement Agreement, any of their provisions, or any negotiations, statements, or court proceedings relating to their provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or any judicial, administrative, regulatory, or other proceeding, except a proceeding to enforce the Settlement Agreement. Without limiting the foregoing, this Final Approval Order, the Settlement Agreement, and any related negotiations, statements, or court proceedings shall not be construed

as, offered as, received as, used as, or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including SettlingDefendants, or as a waiver by Defendants of any applicable defense, or as a waiver by Plaintiffs or the Class of any Claims, causes of action, or remedies; *provided, however,* that this Final Approval Order and/or the Settlement Agreement may be filed in any action against or by Releasees to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

17. **Modification of Settlement Agreement**.  Without further approval from the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement (including its exhibits) as (*i*) are not materially inconsistent with this Order and the Judgment and (*ii*) do not materially limit the rights of Settlement Class Members under the Settlement Agreement.

18. **Dismissal of Action**.  The Action, including all Released Plaintiffs' Claims and Released Defendants' Claims, is hereby dismissed with prejudice. The Parties are to bear their own costs except as otherwise provided in the Settlement Agreement.

19. **Retention of Jurisdiction**.  Without in any way affecting the finality of this Final Approval Order, the Court expressly retains continuing and exclusive jurisdiction over the Settling Parties, the Settlement Class Members, and anyone else who appeared before this Court for all matters relating to the Action, including the administration, consummation, interpretation, effectuation, or enforcement of the Settlement Agreement and of this Order and the Judgment, and for any other reasonably necessary purpose, including:

      a.    enforcing the terms and conditions of the Settlement Agreement, this Order, and the Judgment (including the Complete Bar Order, the PSLRA Contribution Bar Order, and the permanent injunction);

      b.    resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Approval Order (including whether a person or entity is or is not a Settlement Class Member and whether claims or causes of action allegedly related to the Action are or are not barred by this Final Approval Order or the releases);

      c.    entering such additional orders as may be necessary or appropriate to protect or effectuate this Final Approval Order, including whether to impose a bond on any parties who appeal from this Final Approval Order; and

      d.    entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

20.    **Termination.**  If the Settlement does not become Final in accordance with the terms of the Settlement Agreement, or is terminated pursuant to the Settlement Agreement (including Sections 24 and 25), this Order and the Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement.

21.    **Fee and Expense Award**. Plaintiffs' Counsel are hereby awarded the sum of $_____in attorneys' fees and $_____ in reimbursement of costs and other expenses, together with a proportionate share of any interest earned on the Settlement Fund, which amounts the Court finds fair and reasonable. The Fee and Expense Award shall be paid to Lead Counsel pursuant to the terms of the Stipulation.

22. **Award to Plaintiffs**. Plaintiffs are hereby awarded $_____$ each for a total of $_____$ for an incentive fee award and reimbursement for their lost time in connection with their prosecution of this action. The Award to Plaintiffs shall be paid to Plaintiffs pursuant to the terms of the Stipulation.

23. **Entry of Judgment.**  There is no just reason to delay the entry of this Order and the Final Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.


Dated:          _____
New York, New York
                                             _____
                                             THE HONORABLE ALISON J. NATHAN
                                             United States District Judge