## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM TRAN and ADRIAN YBARRA, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>CODE REBEL CORPORATION, ARBEN KRYEZIU, REID DABNEY, DAVID DWELLE, JAMES CANTON, and VOLODYMYR BYKOV,<br><br>      Defendants. | Case No. 16-cv-3492 (AJN)<br><br>**[CORRECTED] AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Lead Plaintiffs William Tran and Adrian Ybarra ("Plaintiffs"), individually and on behalf of all other persons similarly situated, by Plaintiffs' undersigned attorneys, for Plaintiffs' Complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiffs and Plaintiffs' own acts, and upon information and belief as to all other matters based on the investigation conducted by and through Plaintiffs' attorneys, which included, among other things, a review of U.S. Securities and Exchange Commission ("SEC") filings by Code Rebel Corporation ("Code Rebel" or the "Company"), as well as media and analyst reports about the Company. Plaintiffs believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.    This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased Code Rebel securities from May 19, 2015, through May 12, 2017 (the "Class Period"), inclusive, seeking to recover compensable damages caused by Defendants' violations of federal securities laws and pursue remedies under the

Securities Act of 1933 ("Securities Act") and Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to § 15 of the Securities Act o (15 U.S.C. §§77k and 77o), §§ 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §78j (b) and 78t (a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

3.      This Court has jurisdiction over the subject matter of this action pursuant to §22 of the Securities Act (15 U.S.C. §77v), §27 of the Exchange Act (15 U.S.C. §78aa), and 28 U.S.C. § 1331.

4.      Venue is proper in this Judicial District pursuant to §22 of the Securities Act (15 U.S.C. §77v), §27 of the Exchange Act (15 U.S.C. § 78aa), and 28 U.S.C. § 1391(b) as a significant portion of Defendants' actions, and the subsequent damages, took place within this district.

5.      In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.      Lead Plaintiff William Tran purchased Code Rebel securities at artificially inflated prices during the Class Period and has been damaged thereby. His PSLRA certification was previously field with the Court and is incorporated by reference therein.

7.     Lead Plaintiff Adrian Ybarra purchased Code Rebel securities at artificially inflated prices during the Class Period and has been damaged thereby. His PSLRA certification was previously field with the Court and is incorporated by reference therein.

8.     Defendant Code Rebel is a Delaware Corporation headquartered at 77 Ho'okele Street, Suite 102 Kahului, Hawaii. Its wholly owned subsidiary, ThinOps Resources LLC ("ThinOps"), is based in Houston, Texas. Code Rebel is a software and information technology services ("IT") company. During the Class Period, the Company's stock traded on NASDAQ under the symbol "CDRB."

9.     Defendant Arben Kryeziu ("Kryeziu") had been the Company's Chairman and Chief Executive Officer of Code Rebel until his resignation on or about May 18, 2016.

10.    Defendant Reid Dabney ("Dabney") had been the Company's Chief Financial Officer until his resignation on or about May 18, 2016.

11.    Defendant David Dwelle ("Dwelle") had been a director of the Company until his resignation on or about May 18, 2016.

12.    Defendant James Canton ("Canton") had been a director of the Company until his resignation on or about May 18, 2016.

13.    Defendant Volodymyr Bykov ("Bykov") had been a director of the Company and the Company's Vice President and Chief Technology Officer until his resignation on or about May 18, 2016

14.    Defendants Kryeziu, Dabney, Dwelle, Canton, and Bykov are collectively referred to hereinafter as the "Individual Defendants."

15.    Each of the Individual Defendants:

(a)     directly participated in the management of the Company;

(b)     was directly involved in the day-to-day operations of the Company at the highest levels;

(c)     was privy to confidential proprietary information concerning the Company and its business and operations;

(d)     was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

(e)     was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f)     was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g)     approved or ratified these statements in violation of the federal securities laws.

16.    Code Rebel is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

17.    The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to Code Rebel under *respondeat superior* and agency principles.

18.    Defendant Code Rebel and the Individual Defendants are collectively referred to hereinafter as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

19.    The Company operates and reports in two business segments. Its software segment provides end-user applications through the Code Rebel product line. Its IT Services

segment provides management and consulting services through ThinOps, which was acquired on July 31, 2015.

**Defendant's False and Misleading Statements**

20.     On March 30, 2015, Code Rebel filed its Registration Statement on Form S-1 with the SEC, which incorporated Defendant Lichter's report of the Company dated March 13, 2015 (the "Lichter Report"). Following several amendments made in response to comments received by the SEC, the SEC declared the Registration Statement effective on May 11, 2015. The Registration Statement was utilized in the Offering.

21.     Each of the Individual Defendants signed the Registration Statement.

22.     On May 13, 2015, Code Rebel filed its Prospectus with the SEC.

23.     In the Offering, 1,000,983 shares at $5.00 per share were sold, raising $5,004,915. After deducting underwriting fees and other expenses of the Offering, the Company netted about $4.3 million.

24.     On May 19, 2015, the Offering was concluded and Code Rebel shares began trading on NASDAQ, under the ticker "CDRB", which opened at $12.00 per share and closed at $15.85 per share.

25.     The Offering Documents were negligently prepared and, as a result, contained untrue statements of material facts or omitted to state other facts necessary to make the statements made not misleading, and were not prepared in accordance with the rules and regulations governing their preparation.

26.     The Offering Documents included Code Rebel's financial statements for the fiscal years ending December 31, 2013 and December 31, 2014.

27.     On August 14, 2015, the Company filed a Form 10-Q for the quarter ended June 30, 2015 (the "2Q 2015 10-Q") with the SEC, which provided the Company's quarterly financial results. The 2Q 2015 10-Q was signed by Defendants Kryeziu and Dabney. The 2Q 2015 10-Q contained signed certifications pursuant to Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Kryeziu and Dabney, stating that the financial information contained in the 2Q 2015 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

28.     On November 16, 2015, the Company filed a Form 10-Q for the quarter ended September 30, 2015 (the "3Q 2015 10-Q") with the SEC, which provided the Company's quarterly financial results. The 3Q 2015 10-Q was signed by Defendants Kryeziu and Dabney. The 3Q 2015 10-Q contained signed SOX certifications by Defendants Kryeziu and Dabney, stating that the financial information contained in the 3Q 2015 10-Q was accurate and disclosed any material changes to the Company's internal control over financial reporting.

29.     On April 14, 2016, the Company filed a Form 10-K for the year ended December 31, 2015 (the "2015 10-K") with the SEC, which provided the Company's quarterly and annual financial results. The 2015 10-K was signed by Defendants Kryeziu and Dabney. The 2015 10-K contained signed SOX certifications by Defendants Kryeziu and Dabney, stating that the financial information contained in the 2015 10-K was accurate and disclosed any material changes to the Company's internal control over financial reporting.

30.     The statements referenced in ¶¶ 20 – 29 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or

misleading statements and/or failed to disclose that: (1) Code Rebel's financial statements

contained errors concerning its assets and financial condition; and (2) as a result of the foregoing,

Code Rebel's public statements were materially false and misleading and/or lacked a reasonable

basis at all relevant times.

## The Truth Emerges

31.     On May 6, 2016, the SEC issued an order suspending the trading of the

Company's stock, which stated in part:

> It appears to the Securities and Exchange Commission that there is a lack of
> accurate information concerning the securities of Code Rebel Corporation
> ("CDRB") because of questions regarding the accuracy of statements in CDRB's
> Forms 10-Q for the quarters ended June 30, 2015 and September 30, 2015, and
> the Form 10-K for the year ending December 31, 2015, concerning the company's
> assets and financial condition. CDRB is a Delaware corporation with its principal
> executive offices in Kahului, Hawaii. Its stock is listed on NASDAQ under the
> symbol CDRB.
>
> The Commission is of the opinion that the public interest and the protection of
> investors require a suspension of trading in the securities of the above-listed
> company.
>
> THEREFORE, IT IS ORDERED, pursuant to Section 12(k) of the Securities
> Exchange Act of 1934, that trading in the securities of the above-listed company
> is suspended for the period from 9:30 a.m. EDT on May 6, 2016, through 11:59
> p.m. EDT on May 19, 2016.

32.     To date, trading in the Company's stock remains halted, making the Company's

stock illiquid and virtually worthless.

## PLAINTIFFS' CLASS ACTION ALLEGATIONS

33.     Plaintiffs brings this action as a class action pursuant to Federal Rule of Civil

Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants

who acquired Code Rebel securities during the Class Period and who were damaged thereby (the

"Class"). Excluded from the Class are Defendants, the officers and directors of Code Rebel, at all

relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

34.     The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Code Rebel securities was actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiffs at this time and can be ascertained only through appropriate discovery, Plaintiffs believes that there are hundreds, if not thousands of members in the proposed Class.

35.     Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

36.     Plaintiffs will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiffs has no interests antagonistic to or in conflict with those of the Class.

37.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the Exchange Act were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, and prospects of Code Rebel;

- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;

- whether the Defendants caused Code Rebel to issue false and misleading SEC filings during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and SEC filing

- whether the prices of Code Rebel's securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

38.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

39.     Plaintiffs will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Code Rebels shares met the requirements for listing, and were listed and actively traded on the NASDAQ, a highly efficient and automated market;

- As a public issuer, Code Rebel filed periodic public reports with the SEC and the NASDAQ;

- Code Rebel regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and

- Code Rebel was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available.

40.     Based on the foregoing, the market for Code Rebel securities promptly digested current information regarding Code Rebel from all publicly available sources and reflected such

information in the prices of the shares, and Plaintiffs and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

41.    Alternatively, Plaintiffs and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information as detailed above.

## COUNT I

### For Violations of Section 10(b) And Rule 10b-5 Promulgated Thereunder
### (Against All Defendants)

42.    Plaintiffs repeats and realleges each and every allegation contained above as if fully set forth herein.

43.    This Count is asserted against Code Rebel and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

44.     During the Class Period, Code Rebel and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

45.    Code Rebel and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;

- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

- engaged in acts, practices and a course of business that operated as a fraud or deceit upon Plaintiffs and others similarly situated in connection with their purchases of Code Rebel securities during the Class Period.

46.    Code Rebel and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of Code Rebel were materially false and misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of Code Rebel, their control over, and/or receipt and/or modification of Code Rebel's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning Code Rebel, participated in the fraudulent scheme alleged herein.

47.    Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiffs and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other Code Rebel personnel to members of the investing public, including Plaintiffs and the Class.

48.    As a result of the foregoing, the market price of Code Rebel securities was artificially inflated during the Class Period. In ignorance of the falsity of Code Rebel' and the Individual Defendants' statements, Plaintiffs and the other members of the Class relied on the

statements described above and/or the integrity of the market price of Code Rebel securities during the Class Period in purchasing Code Rebel securities at prices that were artificially inflated as a result of Code Rebel' and the Individual Defendants' false and misleading statements.

49.     Had Plaintiffs and the other members of the Class been aware that the market price of Code Rebel securities had been artificially and falsely inflated by Code Rebel and the Individual Defendants' misleading statements and by the material adverse information which Code Rebel and the Individual Defendants did not disclose, they would not have purchased Code Rebel securities at the artificially inflated prices that they did, or at all.

50.     As a result of the wrongful conduct alleged herein, Plaintiffs and other members of the Class have suffered damages in an amount to be established at trial.

51.     By reason of the foregoing, Code Rebel and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the Plaintiffs and the other members of the Class for substantial damages which they suffered in connection with their purchase of Code Rebel securities during the Class Period.

## COUNT II

### Violations of Section 20(a) of the Exchange Act
### (Against the Individual Defendants)

52.     Plaintiffs repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53.     During the Class Period, the Individual Defendants participated in the operation and management of Code Rebel, and conducted and participated, directly and indirectly, in the conduct of Code Rebel's business affairs. Because of their senior positions, they knew the

adverse non-public information about Code Rebel's misstatement of revenue and profit and false financial statements.

54.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Code Rebel's financial condition and results of operations, and to correct promptly any public statements issued by Code Rebel which had become materially false or misleading.

55.      Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Code Rebel disseminated in the marketplace during the Class Period concerning Code Rebel's results of operations. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Code Rebel to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Code Rebel within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Code Rebel securities.

56.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Code Rebel.

## COUNT III

### Violations of §11 of the Securities Act
### (Against All Defendants)

57.     Plaintiffs repeat and reallege the allegations contained above as if fully set forth herein.

58.     This claim is brought by Plaintiffs on their own behalf and on behalf of other members of the Class who acquired Code Rebel common stock pursuant to or traceable to the

Company's Offering Documents. Each Class Member acquired his, her, or its shares pursuant to and/or traceable to, and in reliance on, the Offering Documents. Code Rebel is the issuer of the securities through the Offering Documents. The Individual Defendants are signatories of the Offering Documents.

59.     All Defendants owed to the purchasers of the shares obtained through the Offering Documents the duty to make a reasonable and diligent investigation of the statements contained in the Offering Documents at the time they became effective to ensure that such statements were true and correct and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading.

60.     None of the Defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Offering Documents were true or that there was no omission of material facts necessary to make the statements made therein not misleading.

61.     Defendants issued and disseminated, caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements and/or omissions to the investing public that were contained in the Offering Documents, which misrepresented or failed to disclose, among other things, the facts set forth above. By reason of the conduct alleged herein, each Defendant violated and/or controlled a person who violated Section 11 of the Securities Act

62.     At the times they obtained their shares of Code Rebel, Plaintiffs, and members of the Class did so without knowledge of the facts concerning the misstatements and omissions alleged herein.

63.     This action is brought within one year after discovery of the untrue statements and omissions in and from the Offering Documents that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Offering Documents

64.     By reason of the foregoing, Plaintiffs and the other members of the class are entitled to damages under Section 11 of the Securities Act as measured by the provisions of the Section 11(e), from the Defendants and each of them, jointly and severally.

<u>**COUNT IV**</u>

**Violations of §12(a)(2) of the Securities Act**
<u>**(Against the Individual Defendants)**</u>

65.     Plaintiffs repeat and reallege the allegations contained above as if fully set forth herein.

66.     By means of the defective Prospectus, the Individual Defendants and Defendant Burnham promoted and sold Code Rebel common stock to Plaintiffs and other members of the Class.

67.     The Prospectus contained untrue statements of material fact, and concealed and failed to disclose material facts, as detailed above. The Defendants named in this Cause of Action owed Plaintiffs and the other members of the Class who purchased Code Rebel common stock pursuant to the Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Prospectus to ensure that such statements were true and that there was no omission to state a material fact required to be stated in order to make the statements contained therein not misleading. These Defendants, in the exercise of reasonable care, should have known of the misstatements and omissions contained in the Prospectus as set forth above.

68.    Plaintiffs did not know, nor in the exercise of reasonable diligence could have known, of the untruths and omissions contained in the Prospectus at the time Plaintiffs acquired Code Rebel common stock.

69.    By reason of the conduct alleged herein, Defendants violated Section12(a)(2) of the Securities Act. As a direct and proximate result of such violation, Plaintiffs and the other members of the Class who purchased Code Rebel securities pursuant to the Prospectus sustained substantial damages in connection with their purchases of the stock. Accordingly, Plaintiffs and the other members of the Class who hold the securities issued pursuant to the Prospectus have the right to rescind and recover the consideration paid for their shares, and hereby tender their securities to defendants sued herein. Class members who have sold their securities seek damages to the extent permitted by law.

## COUNT V

### Violation of §15 of the Securities Act
### (Against the Individual Defendants)

70.    Plaintiffs repeat and reallege the allegations contained above as if fully set forth herein.

71.    This claim is asserted against the Individual Defendants, each of whom was a control person of Code Rebel during the relevant time period.

72.    The Individual Defendants were control persons of Code Rebel by virtue of, among other things, their positions as senior officers and/or directors of the Company, and they were in positions to control and did control, the false and misleading statements and omissions contained in the Offering Documents.

73.    None of the Individual Defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Offering Documents were

accurate and complete in all material respects. Had they exercised reasonable care, they could have known of the material misstatements and omissions alleged herein.

74.     This claim was brought within one year after the discovery of the untrue statements and omissions in the Offering Documents and within three years after Code Rebel shares was sold to the Class in connection with the Offering.

75.     By reason of the above conduct, for which Code Rebel is primarily liable, as set forth above, the Individual Defendants are jointly and severally liable with and to the same extent as Code Rebel pursuant to Section 15 of the Securities Act.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against defendants as follows:

A.      Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiffs as the Class representative;

B.      Requiring defendants to pay damages sustained by Plaintiffs and the Class by reason of the acts and transactions alleged herein;

C.      Awarding Plaintiffs and the other members of the Class prejudgment and post judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.      Awarding such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury.

Dated: June 27, 2017                    Respectfully submitted,


                                        **THE ROSEN LAW FIRM, P.A.**

                                        By: /s/ Phillip Kim
                                        Phillip Kim, Esq. (PK 9384)
                                        Laurence M. Rosen, Esq. (LR 5733)
                                        275 Madison Avenue, 34th Floor
                                        New York, NY 10016
                                        Phone: (212) 686-1060
                                        Fax: (212) 202-3827
                                        Email: pkim@rosenlegal.com
                                                lrosen@rosenlegal.com

                                        **POMERANTZ, LLP**

                                        Jeremy A. Lieberman
                                        J. Alexander Hood II
                                        600 Third Avenue, 20th Floor
                                        New York, New York 10016
                                        Telephone: (212) 661-1100
                                        Facsimile: (212) 661-8665
                                        Email: jalieberman@pomlaw.com
                                                ahood@pomlaw.com

                                        *Co-Lead Counsel for Plaintiffs and the Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 27, 2017, I caused a true and correct copy of the foregoing document to be served via email upon the parties and counsel listed below:

Mark E. Felger
COZEN O'CONNOR
1201 North Market Street
Suite 1001
Wilmington, DE 19801
Tel: (302) 295-2000
mfelger@cozen.com

*Counsel for Jeoffrey L. Burtch, Chapter 7 Trustee for Code Rebel Corporation*

Felix J. Gilman
AXINN VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
Tel: (212) 728-2234
fgilman@axinn.com

*Counsel for Defendants Volodymyr Bykov, James Canton and David Dwelle*

<u>/s/ Phillip Kim</u>