UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robert Springer, *et al.*,<br><br>Plaintiffs,<br><br>-v-<br><br>Code Rebel Corporation, *et al.*,<br><br>Defendants. | Case No. 16-cv-3492 (AJN)<br><br>CLASS ACTION<br><br>District Judge Alison J. Nathan |

### [Proposed]
### ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT

WHEREAS Lead Plaintiffs William Tran and Adrian Ybarra ("Plaintiffs"), on behalf of the Class (as defined below) have applied to the Court pursuant to Fed. R. Civ. P. 23(e) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA") for an Order approving the proposed settlement of the above-captioned litigation in accordance with the Stipulation of Settlement submitted to the Court, which Stipulation – together with its annexed exhibits (collectively, the "Settlement Agreement") – sets forth the terms and conditions for a proposed settlement of the action against Defendants Reid Dabney, Arben Kryeziu a/k/a Arben Kane,, James Canton, David Dwelle, and Voldymyr Bykov ("Settling Defendants"); and

WHEREAS the Court has read and considered the Settlement Agreement and the Settling Parties' submissions; and

WHEREAS, based on the above materials and submissions, the Court finds that the proposed settlement reflected in the Settlement Agreement (the "Settlement") is within the range of possible approval and that notifying the potential Settlement Class Members about the terms

1

and conditions of the proposed Settlement and scheduling a formal Fairness Hearing are worthwhile;[1] and

WHEREAS all terms of the proposed Settlement are subject to the Court's Approval;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. **Preliminary Findings on Proposed Settlement.** The Court preliminarily finds that the proposed Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Class and scheduling a Fairness Hearing for further review of the proposed Settlement. In making these findings, the Court has considered a number of factors, including the nature of the Settling Parties' respective claims and defenses, the amount and type of consideration to be paid in settlement, the information available to the Settling Parties, and the allocation of the proposed settlement relief. Based on those considerations, the Court preliminarily concludes that (*i*) the proposed Settlement is within the range of possible approval and appears to have resulted from serious, informed, non-collusive negotiations conducted at arm's length by the Settling Parties and their counsel, (*ii*) the terms and conditions of the Settlement Agreement do not have any obvious deficiencies and do not improperly grant preferential treatment to any individual Class Members, and (*iii*) notice of the proposed Settlement to Settlement Class Members is warranted and further consideration of the Settlement at the fairness hearing described below. By the time

---

[1] Terms not defined in this Order shall have the definitions given to them in the Settlement Agreement and Release dated May 12, 2017. (the "Agreement").

2

of the Fairness Hearing, the Court will have had the benefit of any submissions from Settlement Class Members concerning the proposed Settlement.

2. **<u>Certification of Class Solely for Settlement Purposes</u>**. The Court hereby preliminarily certifies the Class solely for purposes of the proposed Settlement pursuant to Fed. R. Civ. P. 23(b)(3). The "<u>Class</u>" (consisting of "Class Members") is defined to consist of all persons, entities, or legal beneficiaries or participants in any entities who purchased or otherwise acquired Code Rebel Corporation ("Code Rebel") securities from the date of its initial public stock offering on or about May 19, 2015, to May 12, 2017 (the "<u>Class Period</u>.") Excluded from the Class are:

    a.    Such persons or entities who submit valid and timely requests for exclusion from the Class;

    b.    Settling Defendants, their family members, and their legal representatives, heirs, successors or assigns, and any entity in which any Settling Defendant has or had a controlling interest; and

    c.    persons who suffered no compensable losses

3. This preliminary certification of the Class is made for the sole purpose of attempting to consummate the settlement of this action in accordance with the Settlement Agreement. If the Court does not grant final approval of the proposed Settlement, or if the Court's grant of final approval does not become Final for any reason whatsoever, or is modified in any material respect, this class certification shall be deemed void *ab initio*, shall be of no force or effect whatsoever, and shall not be referred to or used for any purpose whatsoever, including in any later attempt by or on behalf of Plaintiffs or anyone else to seek class certification in this or any other matter.

4. For purposes of the Settlement, and only for those purposes, and subject to the terms of the Settlement Agreement, the Court preliminarily finds that the requirements of Fed. R. Civ. P. 23 and any other applicable laws (including the PSLRA) appear to be satisfied, in that:

a. The Class appears to be ascertainable from business records and/or from objective criteria;

b. The Class appears to be so numerous that joinder of all members would be impractical;

c. Plaintiffs have alleged one or more questions of fact and law that appear to be common to all Class Members;

d. Based on Plaintiffs' allegations that Settling Defendants engaged in uniform conduct affecting all Class Members, Plaintiffs' claims appear to be typical of those of the other members of the Class;

e. Plaintiffs appear to be capable of fairly and adequately protecting the interests of the members of the Class, in that (*i*) Plaintiffs' interests appear to be consistent with those of the other Settlement Class Members, (*ii*) Plaintiffs' Counsel appears to be able and qualified to represent the Class, and (*iii*) Plaintiffs and Plaintiffs' Counsel appear to have fairly and adequately represented the Settlement Class Members in prosecuting this action and in negotiating and entering into the proposed Settlement; and

f. For settlement purposes, questions of law and/or fact common to members of the Class appear to predominate over any such questions affecting only individual Settlement Class Members, and a class action appears to be superior to all other available methods for the fair and efficient resolution of this action. In making these provisional findings for settlement purposes, the Court has considered, among other things, (*i*) the Settlement Class Members'

interests in individually controlling the prosecution of separate actions, (*ii*) the impracticability or inefficiency of prosecuting separate actions, (*iii*) the extent and nature of any litigation concerning these claims already commenced, and (*iv*) the desirability of concentrating the litigation of the claims in a particular forum.

5. **Certification of Plaintiffs and Appointment of Class Counsel Solely for Settlement Purposes.** Solely for purposes of the proposed Settlement, the Court hereby preliminarily certifies William Tran and Adrian Ybarra as the class representatives and preliminarily appoints The Rosen Law Firm, P.A. and Pomerantz LLP as class counsel pursuant to Fed. R. Civ. P. 23(g). Plaintiffs' Counsel has the authority to enter into the Agreement on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

6. **Fairness Hearing.** Pursuant to Fed. R. Civ. P. 23(e), the Court will hold a hearing (the "Fairness Hearing") on Dec 8, 2017, at 10 a.m. (a date no fewer than 130 days from the date of this Order), before the Honorable Alison J. Nathan, United States District Judge for the Southern District of New York, at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. The Court may adjourn the Fairness Hearing and reconvene it at some other date or time without further notice to Settlement Class Members and may approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the parties to the Settlement Agreement and without further notice to the Class.

7. The Fairness Hearing will consider, among other things:

5

a. whether the Court should grant final certification of this action as a class action for settlement purposes;

b. whether the Court should approve the proposed Settlement as fair, reasonable, and adequate;

c. whether the Court should approve the proposed Plan of Allocation as fair and reasonable;

d. whether a Final Approval Order and Judgment ("Final Approval Order"), substantially in the forms attached to the Settlement Agreement as Exhibit B, should be entered dismissing this action on the merits and with prejudice, and whether the releases in the Settlement Agreement should be provided to the released parties;

e. whether the Notice of Settlement, Summary Notice, Claim Form, and notice methodology implemented pursuant to the Settlement Agreement and this Order (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Settlement Class Members of the pendency of this action, the nature and terms of the proposed Settlement, their right to object to the proposed Settlement, their right to appear at the Fairness Hearing, and their right to exclude themselves from the Class, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice, and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court, the PSLRA, and any other applicable law;

f. whether Plaintiffs and Plaintiffs' Counsel adequately represented the Class for purposes of entering into and implementing the proposed Settlement;

6

g. whether the Court should enter the Bar Order, as described in the Settlement Agreement and the proposed Final Approval Order;

h. whether the Court should permanently bar and enjoin (*i*) all Class Members and their heirs, executors, administrators, trustees, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02(b) ("Affiliates")), representatives, and assigns – and anyone else (including any governmental entity) purporting to act on behalf of, for the benefit of, or derivatively for any of them – from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in this action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Plaintiffs' Claim as to any Releasee, including any Claim that is based upon, arises out of, or relates to this action or the transactions and occurrences referred to in the Complaint, and (*ii*) all persons and entities from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Settlement Class Member as to the Releasees, if such other lawsuit is based upon, arises out of, or relates to any Released Plaintiffs' Claims, including any Claim that is based upon, arises out of, or relates to this action or the transactions and occurrences referred to in the Complaint; *provided, however,* that nothing in the Final Order or the Judgment shall enjoin the pursuit of any Claims to enforce the Settlement Agreement;

7

      i.    whether the Court should approve Plaintiffs' Counsel's request for attorneys' fees and expenses; and

      j.    any other matters that the Court may deem appropriate.

**8. Administration of Proposed Settlement.**

      a.    **Retention of Claims Administrator.** The Court approves Plaintiffs' selection of Strategic Claims Services to serve as claims administrator (the "Claim Administrator"). The Claims Administrator shall perform various tasks as directed by Plaintiffs' Counsel and Settling Defendants' Counsel, including: (*i*) distributing the Notice of Settlement and Claim Form to potential Settlement Class Members; (*ii*) arranging for publication of the Summary Notice; (*iii*) posting the Notice of Settlement and other documents on the Claims Administrator's website; (*iv*) answering written inquiries from potential Settlement Class Members and/or forwarding such inquiries to Plaintiffs' Counsel; (*v*) providing additional copies of the Notice of Settlement, upon request, to Nominees or potential Settlement Class Members; (*vi*) operating a toll-free telephone number to respond to inquiries from potential Settlement Class Members about the proposed Settlement and any related issues; (*vii*) receiving and maintaining any requests from potential Settlement Class Members for exclusion from the Settlement; (*viii*) receiving and processing Claim Forms from Settlement Class Members; (*ix*) mailing or causing to be mailed to Authorized Claimants their distributions under the Plan of Allocation from the escrow account arranged by the Parties pursuant to the Settlement Agreement (the "Escrow Account"); and (*x*) otherwise administering and implementing the Settlement Agreement.

      b.    **Notice and Administration Costs and Taxes.** As provided in the Settlement Agreement, all costs of notice and administration and all compensation due to the

escrow agent shall be paid from the Gross Class Settlement Fund. Plaintiffs' Counsel is authorized to expend up to $75,000 (Seventy Five Thousand Dollars) from the Gross Class Settlement Fund to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses. After the satisfaction of the Condition Precedent, additional amounts may be transferred from the Settlement Fund to pay for any necessary additional Notice and Administration Expenses without further order of the Court.;

9. **Notice to Class Members.** The Court hereby approves, as to form and content, the Notice of Settlement, Claim Form, and Summary Notice annexed to the Settlement Agreement as Exhibits A-1, A-2, and A-3, respectively. The Court finds that the Notice of Settlement, Claim Form, and Summary Notice will fully and accurately inform the potential Settlement Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Class, and of each Settlement Class Member's right and opportunity to object to the proposed Settlement. The Court further finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice substantially in the manner and form set forth in this Order will meet the requirements of due process, Fed. R. Civ. P. 23, the PSLRA, and any other applicable law, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons entitled to such notice. No Settlement Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

10. Within 15 business days after the date of this Order, the Claims Administrator shall mail or cause to be mailed the Individual Notice of Settlement and the Claim Form,

substantially in the forms annexed to the Settlement Agreement as Exhibits A-1 and A-2, by first-class mail, postage prepaid, to all potential Settlement Class Members at the address of each such person to the extent such address can be identified through reasonable efforts from Code Rebel's and its transfer agents' records. Notice of Settlement will also be provided by Settling Defendants to U.S. federal and state officials if and to the extent required by the Class Action Fairness Act.

11. Within 15 days after the Notices have been mailed to potential Settlement Class Members (not including any subsequent remailings), the Claims Administrator shall cause the Summary Notice (substantially in the form annexed to the Settlement Agreement as Exhibit A-3) to be published once in each of *Investor's Business Daily* as well as on *Globe Newswire*.

12. At least seven (7) calendar days before the Fairness Hearing, Plaintiffs' Counsel and/or the Claims Administrator shall serve and file with the Court proof by affidavit or declaration of the mailing and publication of the Individual Notice and the Summary Notice as required by this Order.

13. The Claims Administrator and/or Plaintiffs' Counsel shall make reasonable efforts to identify all persons who are potential Settlement Class Members, including beneficial owners whose Code Rebel securities are or were held by banks, brokerage firms, depository institutions, or other nominees. Nominees who purchased or otherwise acquired Code Rebel securities during the Class Period are directed, within fourteen (14) days after receipt of the Notice of Settlement and Claim Form, either (*i*) to request from the Claims Administrator additional copies of the Notice of Settlement and the Claim Form for distribution to beneficial owners or (*ii*) to send a list of the names and addresses of such beneficial owners to the Claims Administrator. If a Nominee elects to send the Notice of Settlement and Claim Form to

beneficial owners, such Nominee is directed to mail the Notice of Settlement and Claim Form within fourteen (14) days after receipt of the copies of those documents from the Claims Administrator; upon making such mailing, the Nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the Nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with this Order, including the timely mailing of the Individual Notice and Claim Form to beneficial owners, such Nominees may seek reimbursement of their reasonable expenses actually incurred of up to $0.75 per mailing in complying with this Order by providing the Claims Administrator with proper documentation supporting the reasonable expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Individual Notice and Claim Form. Such properly documented reasonable expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the funds in the Escrow Account.

14. The Settling Parties and their counsel may by agreement effect any amendments to or modifications of the proposed Notice of Settlement, the Summary Notice, the Claim Form, and the Plan of Allocation without notice to or approval by the Court if such changes are not materially inconsistent with this Order and do not materially limit the rights of potential Class Members.

15. **Filing of Claims**. To be entitled to participate in recovery from the Class Settlement Fund, each Settlement Class Member shall take the following action and be subject to the following conditions:

    a. A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later

than _____ (eighty (80) calendar days from the date of this Order). Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail), provided that such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted on the date that the Claims Administrator actually receives it at the address designated in the Notice of Settlement.

      b.    The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (*i*) it must be properly filled out, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (*ii*) it must be accompanied by adequate supporting documentation for the reported transactions, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation that the Claims Administrator or Plaintiffs' Counsel deems adequate; (*iii*) if the person executing the Proof of Claim is acting in a representative capacity, he or she must provide with the Proof of Claim a certification of his or her current authority to act on behalf of the Class Member; and (*iv*) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter in the form and must be signed under penalty of perjury.

      c.    Once the Claims Administrator has considered a timely submitted Proof of Claim, the Claims Administrator shall determine whether such claim is valid, deficient, or rejected. Before rejecting a Proof of Claim, the Claims Administrator shall communicate with the claimant and allow him, her, or it to remedy curable deficiencies in the submitted Proof of

Claim. The Claims Administrator shall notify, in a timely fashion and in writing, all claimants whose Proofs of Claim it proposes to reject in whole or in part, setting forth the reasons for the proposed decision. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis for the determination. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least twenty (20) days) to cure such deficiency if it shall appear that such deficiency may be curable.

    d.    For the filing of and all determinations concerning their Proofs of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

    16.    **Exclusion from Class**. All potential Settlement Class Members who wish to exclude themselves from the Class must submit timely, written requests for exclusion to the Claims Administrator. The exclusion request must include the following information: (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) e-mail address, if available, (*v*) number of shares of Code Rebel securities purchased or otherwise acquired or sold during the Class Period, (*vi*) price(s) paid or value at receipt, and, if sold, the sales price(s), (*vii*) the date of each such transaction involving each Code Rebel security, and (*viii*) account statements verifying all such transactions and the number of securities still held (if any).

    17.    To be valid, any request for exclusion must be in writing, must contain all the required information, and must be received by the Claims Administrator no later than twenty-one (21) days before the date initially set for the Fairness Hearing. .Any Settlement Class Member who is excluded from the Settlement Class shall not be entitled to participate in any distributions from the Net Settlement Fund.

18. Potential Settlement Class Members who exclude themselves from the proposed Settlement and the Class are not entitled to object to the proposed Settlement.

19. If the proposed Settlement is approved, any potential Settlement Class Member who has not filed a timely and valid written request for exclusion from the Class (and his, her, or its heirs, executors, administrators, predecessors, successors, Affiliates, agents, representatives, and assigns, and anyone else purporting to act on behalf of, in the interest of, or derivatively for any of the foregoing persons or entities) shall be bound by the Release in the Settlement Agreement and by all proceedings, orders, and judgments in this action, whether favorable or unfavorable, even if he, she, or it has pending or subsequently initiates any litigation, arbitration, or other proceeding, or has any other Claim, against any or all of the Releasees relating to any of the Released Plaintiffs' Claims.

20. **Objections**. Any Settlement Class Member who has not filed a request for exclusion from the Class and who wishes to object to the fairness, reasonableness, or adequacy of the proposed Settlement, including the Plan of Allocation and/or the request for attorneys' fees and expenses, must serve on Plaintiffs' Counsel and Settling Defendants' Counsel and file with the Court a statement of his, her, or its objection(s), as well as the specific reason(s), if any, for each such objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection.

21. Each objection must state that the objector is objecting to the proposed Settlement, Plan of Allocation, or awards of attorney's fees and expense, specify the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection and

14

include the name and docket number of this case (as set out at the top of this Order) and must also include the following information about the Class Member: (*i*) name, (*ii*) address, (*iii*) telephone number, (*iv*) e-mail address, if available, (*v*) number of shares of Code Rebel securities purchased or otherwise acquired or sold during the Class Period, (*vi*) price(s) paid or value received, and, if sold, the sales price(s), (*vii*) the date of each such transaction, and (*viii*) account statements verifying all such transactions and the number of securities still held (if any).

22. All such objections – whether sent by mail, express delivery, hand delivery, or otherwise – must be received by the Court and by Lead Counsel and Defendants' Counsel at least twenty one (21) days before the date initially set for the Fairness Hearing. Objections should be sent or delivered to the following addresses:

Clerk of Court
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

CO-LEAD COUNSEL

Phillip Kim
Laurence M. Rosen
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016

Jeremy A. Lieberman
Joseph A. Hood, II
Justin S. Nematzadeh
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, NY 10016

DEFENDANTS DABNEY, CANTON, BYKOV, AND DWELLE'S COUNSEL:

Donald W. Hawthorne, Esq.
Axinn, Veltrop & Harkrider LLP
114 West 47th Street

New York, NY 10036

DEFENDANT ARBEN KRYEZIU'S COUNSEL:

Mitchell Kulick
Fuerstein Kulick LLP
205 E. 42nd Street, 20th Floor
New York, NY 10017

23. If a Settlement Class Member hires an attorney (at his, her, or its own expense) to represent him, her, or it for purposes of objecting, such attorney must serve a notice of appearance on Plaintiffs' Counsel and Settling Defendants' Counsel and file it with the Court (at the addresses set out above) so that it is received no later than twenty-one (21) days before the date initially set for the Fairness Hearing.

24. Any Settlement Class Member who does not make an objection in the time and manner provided in the Individual Notice and this Order shall be deemed to have waived such objection, shall be bound by the terms of the Settlement Agreement and the Final Approval Order, and shall be foreclosed forever from making any objection to the fairness or adequacy of the proposed Settlement unless otherwise allowed by the Court.

25. **Appearance at Fairness Hearing**. Any Settlement Class Member who files and serves a timely, written objection in accordance with the terms of this Order – and only such Settlement Class Members – may also appear at the Fairness Hearing either in person or through counsel retained at the Settlement Class Member's expense to object to the fairness, reasonableness, or adequacy of any aspect of the proposed Settlement. Settlement Class Members or their attorneys intending to appear at the Fairness Hearing must file and serve a notice of intention to appear, setting forth, among other things, the name, address, telephone number, and e-mail address (if available) of the Settlement Class Member (and, if applicable, of

the Class Member's attorney). Such notice of intention to appear must be received by Plaintiffs' Counsel, Settling Defendants' Counsel and the Court, at the addresses set forth above, by no later than twenty (20) days before the date initially set for the Fairness Hearing. Any Settlement Class Member (or attorney) who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except for good cause shown.

26. **Preliminary Injunction**. Pending final determination of whether the proposed Settlement should be approved:

   a. Plaintiffs and all other Settlement Class Members (and their heirs, executors, administrators, trustees, predecessors, successors, Affiliates, representatives, and assigns) who have not validly and timely requested exclusion from the Class – and anyone else (including any governmental entity) purporting to act on behalf of, for the benefit of, or derivatively for any of such persons or entities – are preliminarily enjoined from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any other lawsuit, arbitration, or administrative, regulatory, or other proceeding (as well as a motion or complaint in intervention in this action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, as to the Releasees based on or relating in any way to the Released Plaintiffs' Claims, including the claims and causes of action, or the facts and circumstances relating thereto, in this action; and

   b. All persons are preliminarily enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any

17

jurisdiction) or other proceeding on behalf of any Class Members as to the Releasees, if such other lawsuit is based on or related in any way to the Released Plaintiffs' Claims, including the claims and causes of action, or the facts and circumstances relating thereto, in this action.

27. **Filing of Papers**. All papers in support of the proposed Settlement shall be filed and served as set forth below:

    a.    Any motions for final approval of the proposed Settlement and Plan of Allocation and any motions for an award of attorneys' fees and expenses must be filed no later than thirty-five (35) calendar days before the date initially set for the Fairness Hearing.

    b.    Any oppositions to any motions for final approval of the proposed Settlement or the Plan of Allocation and/or for attorneys' fees and expenses – and any objections to the proposed Settlement or the Plan of Allocation and/or the request for attorneys' fees and expenses – must be filed with the Court and received by Plaintiffs' Counsel and Settling Defendants' Counsel, at the addresses set out above, no later than twenty (20) calendar days before the date initially set for the Fairness Hearing.

    c.    Any reply papers in support of final approval of the proposed Settlement, the Plan of Allocation, and/or an award of attorneys' fees and expenses, and any responses to objections or oppositions, must be filed and served no later than seven (7) calendar days before the Fairness Hearing.

28. **Qualified Settlement Fund**. The Escrow Account into which the Settlement Amount will be paid shall be considered a Qualified Settlement Fund *in custodia legis* of the Court, in accordance with Treas. Reg. §§ 1.468B-0 through 1.468B-5.

29. **Termination of Settlement**. This Order shall become null and void, and shall be without prejudice to the rights of the Settling Parties, all of whom shall be restored to their

respective positions existing immediately before this Court entered this Order, if (*i*) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement or (*ii*) the proposed Settlement is terminated in accordance with the terms of the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the Settlement Agreement shall become null and void and of no further force and effect in accordance with its terms, and it shall not be used or referred to for any purpose whatsoever.

30. **Use of Order**. This Order shall be of no force or effect if the proposed Settlement does not become Final. This Order shall not be construed or used as an admission, concession, or declaration by or against the Releasees of any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Settlement Class Members that their claims lack merit or that the relief requested in the Complaint is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it might have

31. **Sharing of Papers**. Plaintiffs' Counsel and Settling Defendants' Counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.

32. **Potential Continuance of Fairness Hearing**. The Court reserves the right to adjourn the date of the Fairness Hearing, and any adjournment thereof, without further notice to potential Class Members.

33. **Stay**. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the

Stipulation and this Order. This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

34. **Retention of Jurisdiction.** The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated: 6/27/17
New York, New York

_____
THE HONORABLE ALISON J. NATHAN
United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 2 8 2017