**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT SPRINGER, et al., Individually and On Behalf of All Others Similarly Situated,<br><br>                                          Plaintiffs,<br>           v.<br><br>CODE REBEL CORPORATION, et al.,<br><br>                                          Defendants. | Case No. 1:16-cv-03492 (AJN) |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' UNOPPOSED
MOTION FOR FINAL DISTRIBUTION OF NET SETTLEMENT FUND**

Lead Plaintiffs Adrian Ybarra and William Tran ("Lead Plaintiffs"), on behalf of themselves and the Settlement Class, submit this memorandum of law in support of their Motion for an Order for Final Distribution of the Net Settlement Fund.[1]

Based on the analysis prepared by Strategic Claims Services ("SCS"), the Court-appointed Claims Administrator in this Action, Authorized Claimants have submitted 259 valid and properly documented proofs of claims,[2] representing recognized losses ("Recognized Losses") of $1,380,774.74.[3] *Thus, the $1,000,000 recovery in this Action represents a net recovery of approximately 42.05% of total Recognized Claims filed and Recognized Losses [4] which is an excellent result.*

Lead Plaintiffs respectfully seek the Court's approval to distribute the Net Settlement Fund (after payment of all court approved attorneys' fees, expenses, compensatory awards, and administrative costs) presently totaling $580,578.67[5] to the Authorized Claimants on a *pro rata* basis. For the reasons set forth in detail below, Lead Plaintiffs and Lead Counsel respectfully submit that the proposed distribution is appropriate and should be approved.

Defendants do not oppose this motion.

---

[1] Unless otherwise indicated, all capitalized terms herein have the same meanings as set forth in the Settlement Agreement and Release, dated May 15, 2017 (Docket ("Dkt.") No. 60) ("Settlement"). "Dkt." references herein are to the *Springer, et al., v. Code Rebel Corp., et al.*, No. 1:16-cv-03492 (AJN) (S.D.N.Y.) ("Action"), docket.

[2] This number includes 249 timely filed valid claims and 10 late but otherwise valid claims.

[3] This amount includes Recognized Losses for timely filed, valid claims of $1,303,657.97 and Recognized Losses for late (but otherwise valid) claims of $77,116.87.

[4] The net recovery represents the total amount available for distribution to valid claimants of $580,578.67 (see below) divided by total Recognized Losses of $1,380,774.74 and multiplied by 100.

[5] This represents the Settlement amount of $1,000,000, plus interest of $5,271.42, less the following: legal fees of $333,333.33; legal expenses of $13,107.67; interest on legal fees of $1,448.79; compensatory payments to Lead Plaintiffs of $2,000; administrative fees and expenses of $71,802.96; and a tax filing fee of $3,000.

## BACKGROUND

Pursuant to the Memorandum Opinion and Order dated April 10, 2018 (Dkt. No. 94), this Court approved, without limitation: (i) the terms of the Settlement, whereby Defendants agreed to pay $1,000,000; (ii) a Plan of Allocation for distribution of the Net Settlement Fund; and (iii) the award of fees and expenses to Lead Counsel and compensatory awards to Lead Plaintiffs.

The Net Settlement Fund available for distribution is $580,578.67 and reflects payment of awarded attorneys' fees and expenses, payment of Lead Plaintiffs' compensatory awards, and payment of administrative costs.

## CLAIMS ADMINISTRATION

Based on the Court's Order Preliminarily Approving Proposed Settlement filed on June 28, 2017 (Dkt. No. 71) ("Preliminary Approval Order"), Settlement Class Members wishing to participate in the Settlement were required to submit Proofs of Claim by mail, postmarked no later than September 15, 2017. As a result of a very effective notice program, SCS has received 548 Proofs of Claim to date. (*See* Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process, dated July 2, 2018 ("Bravata Dec."), ¶4.) SCS recommends that any claim after June 4, 2018 be barred on grounds of lack of timeliness.

As demonstrated in the Bravata Dec., SCS received and reviewed these claims and, to the extent that a claim was deficient in any regard, SCS notified claimants of the deficiencies and advised them regarding potential cures. (*Id.* at ¶5b.) SCS recommends rejection of 289 claims either because they were improperly documented (13 claims) or ineligible (276 claims) (for example, claim forms with no eligible transactions or duplicate claims). (*Id.* at ¶¶5b, 5c.) Attached as Exhibits C and F to the Bravata Dec. are examples of the notice of rejection letters used to notify claimants of the rejection of their claims in part or in their entirety.

Lead Plaintiffs respectfully request that the Court approve SCS' recommendations on accepting and rejecting the claims as set forth herein.

## THE CLAIMS ADMINISTRATOR'S FEES AND EXPENSES

SCS was responsible for mailing notices to potential Settlement Class Members, maintaining a website and toll-free phone number, processing claims, preparing tax returns for the Class Settlement Fund, and distributing the Net Settlement Fund to accepted claimants. Pursuant to Paragraph 8(b) of the Preliminary Approval Order, at any time after entry of the Preliminary Approval Order and without further approval from Defendants or the Court, up to $75,000 may have been disbursed from the Class Settlement Fund, under Lead Counsel's supervision, to pay administrative costs. To this end, the administrative costs are $74,802.96 and below the threshold. The unused portion of the $75,000 notice and administrative allowance is $197.04 ($75,000 minus $74,802.96) and is part of the $580,578.67 available for distribution to valid claimants.

## DISTRIBUTION OF NET SETTLEMENT FUND

Lead Plaintiffs respectfully request that the Court enter an order directing and authorizing distribution of the balance of the Net Settlement Fund plus interest accrued thereon, after deduction of fees and expenses previously awarded and requested herein and any taxes owing, totaling $580,578.67, to the Settlement Class Members whose 259 claims have been accepted, as set forth on the list of accepted claims submitted with the Bravata Dec., in proportion to their recognized claims as shown therein. (Bravata Dec., Exs. B-1 and B-2.); *see also In re "Agent Orange" Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need be incurred to allow the late claims and opt-out claims"); *In re Authentidate Holding Corp. Secs. Litig.*, No. 05 Civ. 5323

(LTS), 2013 U.S. Dist. LEXIS 11815, at *3 (S.D.N.Y. Jan. 25, 2013) (courts have "inherent power to accept late claims") (citation omitted); *In re Crazy Eddie Securities Litigation*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds); *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowing late claim on "finite pool of assets").

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration or taxation be released and discharged from any and all claims arising out of such involvement beyond the amount allocated to them.  Accordingly, Lead Plaintiffs respectfully request that the Court bar any further claims against the Net Settlement Fund filed after June 4, 2018, and release and discharge from any and all claims beyond the amount allocated to them arising out of the claims administration, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein or otherwise involved in the administration of the Net Settlement Fund.

If, no earlier than six months from the date of this Order, there is any unclaimed, residual amount in the Net Settlement Fund, it will be redistributed *pro rata* to all claimants who have cashed their checks from the first distribution (so long as their proportionate share is $10.00 or more).  Thereafter, if any sums remain unclaimed and the unclaimed amount is not sufficiently large enough to warrant further distribution, Lead Plaintiffs respectfully request that the balance be paid to the Legal Aid Society (https://www.legalaidnyc.org/).

## CONCLUSION

Lead Plaintiffs respectfully request that the Court grant their Motion for Final Distribution of the Net Settlement Fund.  A [Proposed] Order for Final Distribution of Net Settlement Fund is submitted herewith.

Dated:  July 10, 2018                                          Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
Justin S. Nematzadeh
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181

**THE ROSEN LAW FIRM P.A.**
Laurence Rosen
Phillip Kim
Jonathan Stern
275 Madison Avenue, 34th floor
New York, New York 10016
Telephone: (212) 686-1060

*Co-Lead Counsel for Lead Plaintiffs and the Settlement Class*